Joseph D. Steward, III (337385)
Kimmel & Silverman, P.C.
811 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: 215-540-8888 x 134
Facsimile: 215-540-8817
jsteward@creditlaw.com
teamkimmel@creditlaw.com
*Attorneys for Plaintiff*

Jacob U. Ginsburg, Esq. (*pro hac vice* anticipated)
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
jginsburg@creditlaw.com
teamkimmel@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FRANK NOVAK**, *individually, and on behalf of all others similarly situated,* | |
| | Case No.: |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | |
| **SUPREME ADVOCATES, INC.** | **Jury Trial Demanded** |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff, Frank Novak ("Plaintiff" or "Mr. Novak"), on behalf of himself

and all others similarly situated, by and through his undersigned attorney, submits his Complaint against Defendant Supreme Advocates, Inc. ("Defendant" or "Supreme"). In support thereof, Plaintiff states as follows:

## NATURE OF THE CASE

1. Plaintiff Frank Novak ("Plaintiff" or "Mr. Novak") brings this action individually and on behalf of all others similarly situated, seeking damages and any other available legal or equitable remedies resulting from the unlawful actions of Defendant. Supreme Advocates, Inc. violated Plaintiff and the putative class-members' rights by placing solicitation calls and texts to Plaintiff and the putative class members' cellular telephones using a pre-recorded voice without their prior express consent, and by making two or more solicitation calls to residential subscribers whose numbers were registered on the Do Not Call Registry. Those acts and omissions, which are described at length herein, were in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* and the TCPA's corresponding regulations.

## BACKGROUND

2. In 1991, after passage with bipartisan support in Congress, President George H.W. Bush signed the TCPA into law, to protect consumers' privacy rights- specifically, the right to be left alone from unwanted telemarketing calls.

3. A leading sponsor of the TCPA described telemarketing "robocalls" the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA, through the accompanying FCC regulations, 47 C.F.R. § 64.1200(c) *et seq.*, affords special protections for "residential subscribers" who register their phone numbers on the National Do Not Call Registry.

5. Since 2003, persons who register cell phone numbers on the Do Not Call registry have been considered to be "residential subscribers" for the purpose of 227(c)(5) and the Do Not Call registry. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) ("we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'")

6. 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) provide that each person who receives more than one call within a 12-month period on their phone, where that called party did not provide express written consent upon a clear and conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

7. The TCPA also provides protections for persons who receive prerecorded or artificial voice calls without the caller (or the company acting on

the caller's behalf) first obtaining the recipient's prior express written consent to receive such calls. *See* 47 U.S.C. § 227(b)(1);  47 C.F.R. §§  64.1200(a)(3), (f)(9). The penalty for violating these provisions is $500 per call and up to $1,500 per call placed in willful violation of the TCPA. 47 U.S.C. § 227(b)(3)

8. Decades after the TCPA passed into law, it is still unfortunately the case that "month after month, unwanted telemarketing calls and texts top the list of consumer complaints received by the Federal Communications Commission." Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

9.  In fact, in 2021 alone, there were over *five million complaints* from Americans to the FTC about unwanted telemarketing calls.   Federal Trade Comm'n, *FTC Issues Biennial Report to Congress on the National Do Not Call Registry (*Jan. 5, 2022) *available* at: https://www.ftc.gov/news-events/news/press-releases2022/01/ftc-issues-biennial-report-congress-national-do-not-call-registry.

10. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, *available at*

https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

12. This Court has personal jurisdiction over Defendant which is headquartered, incorporated and conducts business in the State of California.

13. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

14. Plaintiff and putative class-representative, Frank Novak, is a natural person and adult who resided in Farmington Hills, Michigan at all times relevant hereto.

15. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

PLAINTIFF'S CLASS ACTION COMPLAINT

16. Defendant Supreme Advocates, Inc. maintains its headquarters at 6400 Oak Canyon, Suite 150, Irvine CA 92618.

17. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

19. At all times relevant hereto, Plaintiff, Frank Novak owned a cell phone, the number for which was 248-xxx-7217.

20. Plaintiff registered that cell phone number on the Federal Do Not Call Registry in 2004 in order to obtain solitude from invasive and harassing telemarketing calls.

21. At all times relevant hereto, Plaintiff used his cell phone primarily for residential purposes.

22. In the spring of 2020, Defendant sent at least one text message and left at least two pre-recorded ringless voicemails on Plaintiff's cell phone, soliciting loan services Mr. Novak did not request, want or need.

23.   Plaintiff never sought information about loan services and did not consent to receive telemarketing calls from Defendant.

24.   At the time of the calls and text message, Plaintiff had no established business relationship with Defendant.

25.   These calls[1] were not made for "emergency purposes", but rather for solicitation purposes.

26.   On or around April 9, 2020, Defendant sent Plaintiff a text message which read: "Meshelle, did you hear the news?  Can you please call us at 949-502-4846 now so we can discuss your new CREDIT ADVANCE option? Agents standing by…" (ellipsis in original)

27.   Furthermore, in April and May of 2020, Defendant left two pre-recorded ringless voicemails[2] featuring messages from "Devin" (phonetic) and "Kayla" (phonetic).

28.   The first pre-recorded ringless voicemail featured "Devin" and was transmitted on or around April 20, 2020. That message stated as follows:

> Hi there, my name is Devin. I'm calling because after today's announcement we can now process your new

---

[1] Plaintiff uses the term "call" as it is used in the context of the TCPA, meaning that it includes both voice calls and SMS text messages. See *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) ("We hold that a voice message or a text message are not distinguishable in terms of being an invasion of privacy"); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) (in TCPA context "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call'").

[2] On November 14, 2022, the FCC ruled that ringless voicemails were "pre-recorded voice messages" covered by the TCPA.  FCC-22-85A1.

> loan offer. Call me direct at 949-502-4846. If I'm helping another client, I'll give you a reference number- it's 6528910 to another agent and they can pull up your offer. Again, my direct number is 949-502-4846. And if you call me right now that would be great. I have your information pulled up. Talk to you soon.

29. The second pre-recorded ringless voicemail featured "Kayla" was left on or around May 5, 2020. That message stated as follows:

> Hi this is Kayla. I'm following up on a letter we mailed you covering the new loan program today you qualified for. Can you please give me a call back at 949-502-4846 so I can go over these new programs with you. If I'm with another client please give this code to the other agent. Your code is 618HK3. If you can give me a call back right now that would be great. I have your information right on my screen. Thanks. Talk to you soon.

30. Those unwanted telemarketing messages, soliciting unwanted services caused Plaintiff to experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

31. Upon information and belief, placed similar unconsented telemarketing messages to consumers soliciting Defendant's loan services.

32. The foregoing acts and omissions were in violation of the TCPA.

## **CLASS ALLEGATIONS**

42. Plaintiff brings this claim on behalf of a class, pursuant to Federal

Rule of Civil Procedure 23.

43. Plaintiff seeks to represent the following classes:

**Pre-recorded Voice Class:** All persons in the United States where Defendant, or someone acting on Defendant's behalf placed calls to the person's cellular phone, which included a pre-recorded message, from four years before the filing of this Complaint through the date a class is certified; and

**Do-Not-Call Registry Class:** All persons in the United States where: (1) the person's telephone numbers were on the National Do-Not-Call Registry; (2) the person received two or more calls were on behalf of Defendant within twelve months; (3) those calls were for the purpose of soliciting the loan services of any of Defendants agents, from four years prior to the filing of this Complaint through the date a class is certified.

44. Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

45. The putative class members' identities are readily ascertainable from Defendant's records or records within Defendant's control.

46. Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

47. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to

vigorously pursue this action.

48. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules Civil Procedure because there is a well-defined community interest in the litigation.

49. Class Members are so numerous and that their individual joinder of all class members is impracticable. There are no likely difficulties to be encountered in managing this case as a class action.

50. Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to the following:

    a. Whether Defendant, or someone operating on its behalf, placed prerecorded voice calls to the cell phones of Plaintiff and the putative class members without obtaining the recipients' prior express written consent;

    b. Whether Defendant placed prerecorded voice calls to the cell phones of Plaintiff and the putative class members;

    c. Whether Defendant's conduct violates 47 U.S.C. § 227(b);

    d. Whether Defendant's conduct violates 47 U.S.C. § 227(c) and the corresponding rules and regulations implementing the TCPA; and,

    e. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

51. Plaintiff and the putative class members have claims arising out of

PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant's uniform course of conduct, namely improperly placing prerecorded voice calls and texts to the Plaintiff and the putative class members.

52. Plaintiff will fairly and adequately protect the interests of the class members insofar and Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this class action lawsuit.

53. The class action mechanism is superior to other available means for the fair and efficient adjudication of this case. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgements. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent

adjudication of the liability issues.

54. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Rule 23. Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

## COUNT I
## DEFENDANT VIOLATED 47 U.S.C. § 227(b)(1)

55. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

56. The TCPA prohibits placing calls and texts using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

57. Defendant left pre-recorded voicemails on Plaintiff's cell phone in an effort to solicit Plaintiff's business without Plaintiff's express written consent

58. Defendant's calls and texts were not made for "emergency purposes."

59. Defendant's acts, as described above were done with willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

60. The acts and/or omissions of Defendant were absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

61. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, FRANK NOVAK, respectfully prays for judgment as follows:

1) Enter an order against Defendant pursuant to Rule 23 of the Rules of Civil Procedure, certifying this action as a class action and appointing Plaintiff as the class representative;
2) Enter an order appointing Kimmel & Silverman as class counsel;
3) Enter judgment in favor of Plaintiff and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation of each sub-section if Defendant willfully violated the TCPA;
4) Enter a judgment in favor of Plaintiff and the putative class that enjoins Defendant from violating the TCPA's regulations prohibiting Defendant from calling numbers registered on the National Do Not Call Registry;
5) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and administration; and,
6) Award Plaintiff and the class such further and other relief, including but not limited to any applicable pre-judgment and/or post-judgment interest, and any other relief the Court deems just and appropriate.

PLAINTIFF'S CLASS ACTION COMPLAINT

## COUNT II
## DEFENDANT VIOLATED THE FEDERAL DO-NOT-CALL RULES
## 47 US.C. § 227(c)(5) AND 47 C.F.R. § 64.1200(c)

62. Mr. Novak incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

63. Mr. Novak brings this Count individually and on behalf of all others similarly situated.

64. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one solicitation call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

65. The penalty for each call made in violation of the TCPA's restrictions on placing telemarketing calls to numbers registered on the National Do Not Call Registry is $500 per violation and up to $1,500 per violation if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

66. In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA's regulations prohibiting calls and texts to phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

67. By calling and texting Mr. Novak and the putative class members after their numbers were registered on the National Do Not Call Registry,

Defendant violated the TCPA, including but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

68.  Defendant knew or should have known that Mr. Novak and the putative class members had their numbers registered on the Do Not Call Registry.

69.  Mr. Novak and the putative class members are entitled to damages of $500.00 per violation for each call and text placed by Defendant and up to $1,500.00 per violation if the Court finds Defendant willfully violated the TCPA.

## Prayer for Judgment

WHEREFORE, Plaintiff Frank Novak, individually, and or behalf of all other similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant Supreme Advocates pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Mr. Novak as the class representative;

b. Enter an order appointing Kimmel & Silverman, P.C as class counsel;

c. Enter judgment in favor of Mr. Novak and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation of 47 U.S.C. § 227(c) and up to $1,500 per violation of each subsection if Defendant willfully violated the TCPA;

d. Enter a judgment in favor of Mr. Novak and the putative class that enjoins Defendant from violating the TCPA's regulations prohibiting Defendant from calling and texting numbers registered on the National Do Not Call Registry;

e. Award Mr. Novak and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and administration; and,

    f. Award Mr. Novak and the class such further and other relief the Court deems just and appropriate.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, FRANK NOVAK, demands a jury trial in this case.

    Respectfully submitted,

*/s/ Joseph D. Steward, III*
Joseph D. Steward, III (337385)
Kimmel & Silverman, P.C.
811 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: 215-540-8888 x 134
Facsimile: 215-540-8817
jsteward@creditlaw.com
teamkimmel@creditlaw.com

Jacob U. Ginsburg, Esq. (*phv* anticipated)
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
jginsburg@creditlaw.com
teamkimmel@creditlaw.com
*Attorneys for Plaintiff*